IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REO ADKINS,  )
      Plaintiff  )  C.A. No. 21-132 Erie
)
v  )  District Judge Susan Paradise Baxter
)
COUNTY OF ERIE, PENNSYLVANIA, )
et al.,  )
      Defendants  )

**MEMORANDUM OPINION**

**I.**    **INTRODUCTION**

    Plaintiff Reo Adkins initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants County of Erie, Pennsylvania ("Erie") and Sheraton Bayfront ("Sheraton").

    Plaintiff alleges that he was staying as a guest at the Sheraton Bayfront hotel in Erie, Pennsylvania, when a member of the hotel's cleaning staff searched his room and found heroin (ECF No. 3, Complaint, at ¶ 4). As a result, on May 12, 2017, Plaintiff was charged with possession with intent to deliver narcotics and possession of drug paraphernalia (Id. at ¶ 3). On January 12, 2018, Plaintiff's defense attorney filed a pre-trial writ of habeas corpus to suppress the drug evidence for lack of a search warrant, which was granted by Judge John Garhart of the Erie County Court of Common Pleas ("Erie County Court") on February 27, 2018, and the charges were dismissed (Id. at ¶¶ 6, 8).

    On December 27, 2018, after securing a search warrant, the Commonwealth of Pennsylvania refiled the same charges against Plaintiff based upon the same evidence (Id. at

1

¶¶ 9-10). Plaintiff's defense attorney again filed a pre-trial writ of habeas corpus to suppress the drug evidence, which was granted by the Judge Daniel Brabender of the Erie County Court on April 9, 2019, and the charges were again dismissed (Id. at ¶¶ 11-12). The Commonwealth allegedly filed an appeal of Judge Brabender's ruling on July 11, 2019; however, the ruling was allegedly upheld by the Pennsylvania Superior Court on May 1, 2020 (Id. at ¶¶ 13-14).

Plaintiff's complaint in this matter was filed as an attachment to a motion to proceed *in forma pauperis* on May 4, 2021.[1] The complaint contained three counts: malicious prosecution (Count I); abuse of process (Count II); and violation of the Fourth Amendment (Count III). Though not specified in the complaint, it is apparent that the first two counts are only against Defendant Erie, while Count III is stated against Defendant Sheraton. As relief for his claims, Plaintiff seeks "consequential and punitive damages in an amount in excess of $500,000.00" (ECF No. 3, at ¶ 21).

On April 29, 2022, Defendant Sheraton[2] filed a motion to dismiss [ECF No. 17], arguing that Plaintiff's claim against Defendant Sheraton should be dismissed in its entirety because it: (i) is barred by the applicable statute of limitations and (ii) fails to state a cause of action upon which relief may be granted because Defendant Sheraton is not a state actor. Despite being granted an extension of time to file a response in opposition to Defendant Sheraton's motion, Plaintiff has failed to file a timely and appropriate response.

---

[1] Plaintiff's motion to proceed *in forma pauperis* was granted by Order dated June 14, 2021 [ECF No. 2], at which time the complaint was separately docketed at ECF No. 3.

[2] More appropriately identified in the motion as "White Lodging Services Corporation d/b/a Sheraton Bayfront."

On May 2, 2022, Defendant Erie filed its own motion to dismiss [ECF No. 18], also arguing that Plaintiff's claims are barred by the applicable statute of limitations. In addition, Defendant Erie argues that it is not a proper defendant for purposes of Plaintiff's claims of malicious prosecution and abuse of process, and that Plaintiff has failed to state a *Monell* claim with regard to any Fourth Amendment claim he may be asserting against Defendant Erie. Finally, Defendant Erie moves to strike Plaintiff's claim of unliquidated damages. Plaintiff has since filed a response in opposition to Defendant Erie's motion [ECF No. 24], to which Defendant Erie has filed a reply [ECF No. 25]. This matter is now ripe for consideration.

## II.  DISCUSSION

Both Defendants have moved to dismiss Plaintiff's complaint in its entirety, arguing that it was filed well beyond the expiration of the applicable statute of limitations. The Court agrees. The federal civil rights laws do not contain a specific statute of limitations for Section 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 action must be filed no later than two years from the date the cause of action accrued. Id. at 599-600.

Under federal law, "'the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.'" Kichline

3

v. Consolidated Rail Corporation, 800 F.2d 356, 359 (3d Cir.1987), cert. denied, 475 U.S. 1108 (1986), quoting Zeleznick v. United States, 770 F.2d 20, 23 (3d Cir. 1985). Thus, in general, a claim accrues in a federal cause of action "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." Keystone Insurance Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988).

Here, Plaintiff's complaint was filed on May 4, 2021. Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to May 4, 2019, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that his Fourth Amendment claim (Count III) arises from a single incident that occurred on or before May 12, 2017, the date on which charges stemming from the alleged unconstitutional search were filed. Thus, it is beyond dispute that Plaintiff "knew or should have known" about his alleged injury stemming from this constitutional claim no later than May 12, 2017, nearly four years before the filing of the instant lawsuit and well beyond the applicable two-year statute of limitations. Thus, Plaintiff's Fourth Amendment claim will be dismissed as untimely. Since this is the only claim properly brought against Defendant Sheraton, said Defendant will be terminated from this case.

As to Plaintiff's malicious prosecution claim (Count I), it is well-settled that the time for bringing such claim "does not begin to run until the criminal proceedings against the defendant (i.e. the § 1983 plaintiff) have terminated in his favor." Lloyd v. Ocean Twp. Counsel, 857 Fed. Appx. 61, 64 (3d Cir. 2021), citing McDonough v. Smith, ___ U.S. ___, 139 S. Ct. 2149, 2154-55 (2019). To demonstrate the favorable termination of a criminal prosecution for purposes of a

4

claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, ___ U.S. ___, 142 S. Ct. 1332 (2022). Here, Plaintiff's malicious prosecution claim is based upon the Commonwealth's refiling of criminal charges on December 27, 2018. These charges were dismissed when Erie County Court Judge Brabender granted Plaintiff's writ of habeas corpus to suppress the drug evidence upon which the charges were based. This occurred on April 9, 2019. At that time, Plaintiff "knew or should have known" of the alleged injury he suffered as a result of the refiled charges that were summarily dismissed. Thus, to comply with the applicable two-year statute of limitations, Plaintiff's malicious prosecution claim needed to be filed by April 9, 2021. Because this case was not filed until May 4, 2021, Plaintiff's malicious prosecution claim is untimely and will be dismissed.[3]

Finally, as to Plaintiff's abuse of process claim (Count II), Plaintiff appears to be challenging the Commonwealth's appeal of Judge Brabender's order of April 9, 2019, claiming that the appeal was, in effect, an improper attempt to reverse Judge Garhart's order of February 27, 2018, "because the alleged facts, alleged offense and the defendant were one in the same." (ECF No. 3, at ¶ 19). The Third Circuit has recognized that, "In contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" Rose, 871 F.2d at 350 n. 17, quoting Jennings v. Shuman, 567 F.2d 1213, 1217 (3d

---

[3] In his response in opposition, Plaintiff argues that he "did not know, nor should he have known, that the Commonwealth violated his section 1983 rights until after May 1, 2020, when he was notified that the commonwealth would not appeal the Superior Court decision." (ECF No. 24, at p. 3). This argument is misguided, however, because a favorable termination had already occurred upon dismissal of the charges against Plaintiff on April 9, 2019.

Cir. 1977). However, "'[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior motive of benefit to the defendant" Napier v. City of New Castle, 407 Fed. Appx. 578, 582 (3d Cir. 2010) (quotation omitted); Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. 2008) ("there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion; even with bad intentions). Here, the appeal challenged by Plaintiff cannot be construed as an abuse of process because the process was used for the purpose for which it was intended, regardless of any wrongful motive of the Commonwealth. Thus, Plaintiff's abuse of process claim related to the appeal that was allegedly taken by the Commonwealth in July 2019 fails to state a claim upon which relief may be granted.

Moreover, to the extent the abuse of process claim may relate to the refiled charges that were initiated on December 27, 2018, the Third Circuit recognizes that a claim "predicated on misuse of legal process typically accrues when the plaintiff is subject to the process because at that point in time he or she knows or should know of the injury." Retter v. Douglas, 2014 WL 992834, at *7 (W.D. Pa. Mar. 13, 2014), citing Rose v. Bartle, 871 F.2d 331, 350-51 (3d Cir. 1989) (abuse of process claim accrues when the plaintiff is arrested because he or she knows or should know of the improper use of process at that point in time). Thus, an abuse of process claim based on the refiled charges accrued on the date of Plaintiff's arrest on said charges, which occurred sometime between December 27, 2018 and the date the charges were ultimately dismissed, April 9, 2019. Even accepting the latest date as the accrual date for purposes of the statute of limitations, Plaintiff's abuse of process claim is untimely and will be dismissed

accordingly.[4]

       An appropriate Order follows.

---

[4] Because the Court has determined that Plaintiff's claims are barred by the statute of limitations, there is no reason to address the merits of Defendant Erie's remaining arguments for dismissal of Plaintiff's complaint.